WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Lee Smith,<br><br>   Petitioner,<br><br>v.<br><br>Lance Hetmer, et al.,<br><br>   Respondents. | No. CV-23-00126-PHX-MTL<br><br>**ORDER** |

Before the Court is Petitioner Christopher Lee Smith's Petition for Writ of Habeas Corpus (Doc. 1). Magistrate Judge Alison S. Bachus issued a Report and Recommendation ("R&R"), recommending that the Petition be denied and dismissed with prejudice. (Doc. 25.) The R&R also recommends that a certificate of appealability not be issued and leave to proceed in forma pauperis on appeal be denied. (*Id.*) Petitioner timely filed objections to the R&R. (Doc. 26.) Additionally, he moves the Court for a certificate of appealability. (Doc. 26-1 at 7-16.)

**I. BACKGROUND**

The R&R recounts the factual and procedural history of this case, including the underlying state court proceedings. (Doc. 25 at 1-5.) Neither party objects to that portion of the R&R, and the Court hereby accepts and adopts it. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Also without objection from either party, the R&R summarizes Petitioner's claims for relief as follows:

> Petitioner raises eight grounds for relief, claiming: that his Fifth, Sixth, and Fourteenth Amendment rights were violated when his sentence was amended "through the minute entry instead of in open court with him present" (Ground One); that his due process rights were violated when the trial court failed to give the jury an "intervening cause" instruction (Ground Two); erroneously instructed the jury on second degree murder (Ground Four), and admitted evidence of a prior conviction for driving under the influence (DUI) (Ground Seven); that his constitutional rights were violated when the jury was given an "effect of alcohol use" instruction (Ground Three); that he received ineffective assistance of trial counsel because his attorney failed to properly interview witnesses (Ground Five), failed to have a defense expert interview Petitioner (Ground Six), and stipulated to the admission of evidence of a prior DUI conviction (Ground Seven); that he received ineffective assistance of appellate counsel when his appellate attorney failed to challenge the admission of evidence regarding Petitioner's prior DUI conviction (Ground Seven); and that his sentence violates the Fifth[,] Sixth, and Fourteenth Amendments because it does not comport with Arizona Revised Statutes section 13-711 (Ground Eight).

(Doc. 25 at 6 (quoting Doc. 7 at 2-3) (alteration in original).)

The R&R rejects Grounds One and Eight as not cognizable on federal habeas review; Grounds Two, Four, Five, Six, and Seven as procedurally defaulted; and Ground Three as without merit. (*Id.* at 10-28.) Petitioner does not object to the R&R with respect to Grounds Two, Three, Four, Five, Six, or Seven. (*See generally* Doc. 26.) Accordingly, the Court hereby accepts and adopts that portion of the R&R. *Reyna-Tapia*, 328 F.3d at 1121.

Petitioner does object to the R&R with respect to Grounds One and Eight. (Doc. 26 at 4-11.) First, Petitioner argues that he presented both claims to the Arizona Court of Appeals and therefore exhausted his available state remedies. (*Id.* at 4-5.) He also contends that, contrary to the R&R's conclusions, both claims are cognizable on federal habeas review. (*Id.* at 5-11.)

As to Ground One, Petitioner argues that because a new judgment was entered against him when the Superior Court amended his sentence to reflect the correct amount of pre-incarceration credit that he had earned, he must be resentenced in open court while present and represented by court-appointed counsel. (*Id.* at 5-9.) He contends that this entitlement arises not from state sentencing laws, but from the Constitution, and that this

issue is therefore cognizable on federal habeas review. (*Id.*) He cites *State v. Lewus*, 170 Ariz. 412 (Ct. App. 1992), *State v. Fettis*, 136 Ariz. 58 (1983), *Hays v. Arave*, 977 F.2d 475 (9th Cir. 1992), and *United States v. Aguilar-Reyes*, 723 F.3d 1014 (9th Cir. 2013), for the proposition that his constitutional rights were violated by the amendment of his sentence through a nunc pro tunc order. (Doc. 26 at 6, 8-9.) Similarly, he relies on *Lafler v. Cooper*, 566 U.S. 156 (2012), *Bell v. Cone*, 535 U.S. 685 (2002), *Glover v. United States*, 531 U.S. 198 (2001), and *Mempa v. Rhey*, 389 U.S. 128 (1967), to argue that he was deprived of his Sixth Amendment right to counsel at a critical stage. (Doc. 26 at 7-8.) He also contends that he should have received a new round of of-right appeals. (*Id.* at 8.)

As to Ground Eight, Petitioner argues that his claim is cognizable on federal habeas review because the Superior Court violated his constitutional rights when it imposed consecutive sentences upon him without stating reasons on the record and without considering other factors such as his eligibility for "good time, which statutes he was being sentenced under, the felony class designations, and whether the aggravated assaults were designated dangerous or not." (*Id.* at 10-11.) According to Petitioner, the existence of 18 U.S.C. § 3553(c) proves that this issue implicates his constitutional rights. (Doc. 26 at 10.) That statute requires federal district courts to state, on the record, their reasons for imposing a sentence. 18 U.S.C. § 3553(c). Petitioner notes that failure to comply with that requirement "has been recognized as a due process violation by the [United States] Supreme Court." (Doc. 26 at 10.)

Finally, Petitioner also argues that the R&R should have recommended that a certificate of appealability be issued and leave to proceed in forma pauperis on appeal be granted. (*Id.* at 11-12.) He contends that jurists of reason would find the R&R's conclusions debatable and that he has made a substantial showing of the denial of his constitutional rights. (*Id.* at 12.) In further support of this argument, he filed a motion seeking a certificate of appealability. (Doc. 26-1 at 7-16.)

## II.     LEGAL STANDARD

In reviewing an R&R, this Court "may accept, reject, or modify, in whole or in part,

the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *Reyna-Tapia*, 328 F.3d at 1121 (emphasis in original); *see Thomas v. Arn*, 474 U.S. 140, 149 (1985) (finding that district courts need not conduct "any review at all . . . of any issue that is not the subject of an objection").

## III. DISCUSSION

### A. Specific Objections

Respondent argues that the Court should not address the merits of Petitioner's objections because they "do no more than reiterate the same general assertions that the R&R considered and rejected" and because Petitioner's "purported objections 'contain no specific objections,' nor point to any particular flaws in the Magistrate Judge's legal analysis regarding Grounds One and Eight." (Doc. 27 at 1-2 (cleaned up).) Citing *Warling v. Ryan*, No. CV-12-91396-PHX-DGC (SPL), 2013 WL 5276367, (D. Ariz. Sept. 19, 2013), Respondent argues that Petitioner's unspecific objections have "the same effect as would a failure to object." (Doc. 27 at 2 (internal marks and citations omitted).)

While Petitioner's objections are not a model of clarity, the Court finds that they are sufficiently specific to justify review of their merits.

### B. Exhaustion of State Remedies

Petitioner contends that he has exhausted his available state remedies with respect to Grounds One and Eight. (Doc. 26 at 4-5.) But the R&R does not reject Grounds One and Eight as procedurally defaulted. It rejects them because it concludes that they are not cognizable on federal habeas review. (*See* Doc. 25 at 11-12, 27-28.) Thus, this argument fails.

### C. Ground One

#### 1. Amendment of Sentence Through Nunc Pro Tunc Order

To the extent that Petitioner argues that the Superior Court violated the Arizona Rules of Criminal Procedure and Arizona sentencing laws by amending his sentence through a nunc pro tunc order, his argument implicates state law and is not cognizable on

federal habeas review. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

But Petitioner protests that the Superior Court violated the Constitution, not state rules or laws. (*See* Doc. 26 at 5-9.) Even assuming that his argument is cognizable on federal habeas review, it is meritless. Petitioner has identified no authority establishing that the Superior Court, when amending a defendant's sentence to accurately reflect the defendant's earned pre-incarceration credit, is constitutionally required to do so in open court with the defendant and counsel present.

Petitioner first relies upon *Lewus* and *Fettis*, cases decided by the Arizona Court of Appeals and the Supreme Court of Arizona, respectively.[1] Neither case supports Petitioner's argument, as each consider the effect of Rule 26.9, Ariz. R. Crim. P., stating that "[t]he defendant has a right to be present at a presentencing hearing and must be present at sentencing."[2] *Id.*; *see also Lewus*, 170 Ariz. at 412-415; *Fettis*, 136 Ariz. 58-59. As stated, whether the Superior Court violated an Arizona Rule of Criminal Procedure is not cognizable on federal habeas review. *See Estelle*, 502 U.S. at 68. Moreover, neither case considers whether federal law requires a defendant to be present for resentencing when an award of pre-incarceration credits is corrected. *See Lewus*, 170 Ariz. at 412-415; *Fettis*, 136 Ariz. 58-59.

Petitioner also cites two Ninth Circuit cases discussing the practice of sentencing in absentia—*Hays* and *Aguilar-Reyes*. These cases do mention federal law, and indeed stress that a defendant has a constitutional right to be present at their sentencing. *Hays*, 977 F.2d at 479-482; *Aguilar-Reyes*, 723 F.3d at 1017-18. But Petitioner's reliance on these cases

---

[1] Petitioner also cites *Miller v. Crouse*, 346 F.2d 301 (10th Cir. 1965), but the section quoted by Petitioner merely states the standard for when an issue is cognizable on federal habeas review.

[2] *Lewus* does briefly consider the due process concerns implicated when a defendant is not given the opportunity to contest the amount of restitution awarded. 170 Ariz. at 414-15. Petitioner does not allege that the Superior Court's nunc pro tunc order awarded restitution or took any similarly adverse action. (*See generally* Doc. 1.)

assumes that he was resentenced by the Superior Court's nunc pro tunc order. As explained below, he was not, and to hold otherwise would surely elevate form over substance.

In *Hays*, the Ninth Circuit stressed the following consequences of sentencing in absentia:

> A defendant who is absent from his sentencing cannot testify in his own behalf, communicate with his counsel during the proceeding, affect the participants (witnesses, the judge, the government, or his attorney) by his presence, or in any way contribute *to the determination of how much of his life or liberty will be taken from him by the state*.

977 F.2d at 479-480 (emphasis added). The dangers identified by the Ninth Circuit did not exist when the Superior Court amended Petitioner's sentence because the Superior Court was not determining "how much of [Petitioner's] life or liberty will be taken from him by the state," *id.* at 480, but *reducing* that amount by a sum requested by Petitioner and consented to by the State. This reduction was not based on Petitioner's criminal sentence, but on the amount of time he spent in custody prior to the Court imposing the sentence. Thus, no sentencing of the sort envisioned by the Ninth Circuit in *Hays* or *Aguilar-Reyes* took place.

Petitioner lastly relies upon several cases that discuss the Sixth Amendment right to counsel. *See Lafler*, 566 U.S. at 156; *Bell*, 535 U.S. at 685; *Glover*, 531 U.S. at 198; *Mempa*, 389 U.S. at 128. But contrary to Petitioner's insinuation, these cases do not establish a constitutional right to counsel under the circumstances presented here.

In *Lafler*, for example, the Supreme Court of the United States noted that "[t]he Sixth Amendment requires effective assistance of counsel at critical stages of a criminal proceeding." 566 U.S. at 165. It also added that "there exists a right to counsel during sentencing." *Id.* The Supreme Court similarly emphasized the right to counsel at critical stages in *Bell* and defined "critical stages" to include "step[s] of a criminal proceeding, such as arraignment, that h[old] significant consequences for the accused." 535 U.S. at 695-96.

Here, the Superior Court's correction cannot fairly be considered a critical stage of Petitioner's criminal proceeding because, for the reasons already expressed, it did not hold

a significant consequence for Petitioner. It merely corrected a previous error made by the Superior Court and awarded Petitioner the pre-incarceration credits that he had earned. This remains true notwithstanding the fact that the correction constituted a new judgment.

Petitioner appears to cite *Glover* for the proposition that the correction did constitute a critical stage. There, considering an ineffective assistance of counsel claim, the Supreme Court held that the defendant had been prejudiced by his counsel's ineffectiveness at sentencing even though that ineffectiveness only resulted in a relatively modest increase in the defendant's prison term because "any amount of actual jail time has Sixth Amendment significance." *Glover*, 531 U.S. at 201-03. But this general principle is inapplicable here because, as repeatedly stressed, Petitioner faced no likelihood of additional prison time. To the contrary, it was predetermined that he would be granted a specific *reduction* in prison time.

Finally, *Mempa* sheds no light on the issue. The Supreme Court held that a defendant was entitled to counsel at sentencing even though sentencing had been deferred subject to probation. *Mempa*, 389 U.S. at 137. The Supreme Court did not consider whether the amendment of a sentence under the circumstances presented here requires a new sentencing hearing and entitles a defendant to counsel. *See id.* at 128-37.

Because Petitioner has not demonstrated that the Superior Court's actions violated his federal rights, the Court finds that Petitioner's first argument, even if cognizable on federal habeas review, is without merit.

### 2. Right to Appeal

Petitioner's claim that he is entitled to a new round of appeals in state court as a result of the Superior Court's nunc pro tunc order solely implicates state law. *See Am. Furniture Warehouse Co. v. Town of Gilbert*, 245 Ariz. 156, 164 (Ct. App. 2018) (quoting *City of Phoenix v. Superior Court*, 110 Ariz. 155, 158 (1973)) (noting that, under Arizona law, the right to appeal arises from state statutes). Petitioner has cited no authority suggesting that the Superior Court's amendment of his sentence gave rise to a right to appeal under federal law.

Accordingly, the Court finds that Petitioner's second argument does not present an issue cognizable on federal habeas review. Ground One therefore fails.

### D. Ground Eight

Ground Eight is also not cognizable on federal habeas review. Petitioner argues that the Superior Court violated then-A.R.S. § 13-708(A), which has since been revised and recodified at A.R.S. § 13-711, because it did not "articulate reasons for running some sentences concurrent[ly] while [running] others consecutive[ly] when they all stemmed from one incident." (Doc. 1 at 25.) As the R&R correctly noted, this is an issue of state sentencing law outside the scope of habeas review. *See e.g., Rosier v. Giurbino*, 245 F. App'x 687, 688 (9th Cir. 2007) ("To the extent that [the petitioner] challenges the state court's decision to apply consecutive sentences, such a claim is not cognizable on federal habeas corpus."); *see also Weber v. Newland*, 16 F. App'x 692, 693-94 (9th Cir. 2001) ("[V]iolation of state sentencing law is not cognizable on federal habeas corpus.").

Petitioner disagrees, relying upon 18 U.S.C. § 3553(c) and cases that have applied that statute. (Doc. 26 at 10.) But § 3553(c) applies only to federal sentencing courts. It does not require state sentencing courts to do anything. Thus, § 3553(c) does not transform Petitioner's state-law sentencing issue into a federal one and Ground Eight also fails.

### E. Certificate of Appealability and Leave to Proceed in Forma Pauperis on Appeal

Petitioner objects to the R&R's recommendation that a certificate of appealability not be issued and leave to proceed in forma pauperis on appeal be denied. He moves the Court to grant a certificate of appealability. The Court will not do so because, as stated, Petitioner's arguments are meritless and unsupported by the caselaw. He has not demonstrated that reasonable jurists would find the Court's ruling debatable or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 25) is **accepted** as detailed in this Order.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **dismissed with prejudice.**

**IT IS FURTHER ORDERED** that Petitioner's Motion for Certificate of Appealability (Doc. 26-1 at 7-16) and leave to proceed on appeal in forma pauperis are **denied**.

**IT IS FINALLY ORDERED** that the Clerk of Court shall enter judgment consistent with this Order and close this case.

Dated this 1st day of July, 2024.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge